# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2018-0369, <u>State of New Hampshire v. David A. Shaw</u>, the court on March 6, 2020, issued the following order:**

Having considered the briefs and oral arguments of the parties, the court concludes that a formal written opinion is unnecessary in this case. The defendant, David A. Shaw, appeals his convictions, following a jury trial in the Superior Court (<u>Houran</u>, J.), on two counts of aggravated felonious sexual assault and one count of felonious sexual assault. <u>See</u> RSA 632-A:2, :3 (Supp. 2019). He argues that the trial court erred by admitting evidence of a prior bad act. We affirm.

The following facts are supported by the record. In February 2015, the defendant began dating the victim's mother. In August 2015, he moved into her house where the victim, who was eight, and the victim's sister, who was six, also lived. The victim and her sister shared a bedroom and the defendant shared another bedroom with the victim's mother. Shaw's children from a prior marriage, a four-year-old son and a daughter, shared a third bedroom. Eventually the defendant formed a close relationship with the victim.

The victim is diagnosed with autism spectrum disorder, a neurodevelopmental disorder that led her to occasionally experience emotional outbursts and aggressive behaviors, often in reaction to changes to her routine. After the defendant moved into the house with his son, the victim and her sister became curious about male anatomy and, on occasion, would playfully attempt to pull the defendant's shorts down in order to see his penis.

In August 2016, the victim, her sister, and her mother were leaving football practice and discussed an incident after practice when a boy attempted to take off his protective cup in front of other children and their parents. While laughing about this incident, the victim stated, "[T]hat's kind of like . . . when [the defendant] makes me lick his penis." Following this disclosure, the victim's mother called the police and left the house with her children. In September 2016, the victim attended a forensic interview, after which the defendant was indicted on two counts of felonious sexual assault and three counts of aggravated felonious sexual assault.

Prior to trial, the State moved to admit evidence of several instances of the defendant's prior bad conduct pursuant to Rule of Evidence 404(b). <u>See</u>

N.H. R. Ev. 404(b).  As relevant here, it sought to admit evidence that on one occasion, referred to by the trial court as the "exposure incident," the defendant exposed his penis to the victim.  According to the victim's mother, the defendant admitted to this conduct and explained that he did so in an effort to calm the victim who was having an emotional and aggressive outburst.  The State argued that this evidence was admissible because it demonstrated the defendant's plan "to desensitize the victim to sexualized behavior so that he could perform the charged acts."  The defendant objected, arguing, in part, that the evidence was inadmissible to demonstrate desensitization because the State could not show that the incident took place before the charged events and the incident itself did not constitute "grooming" behavior.  The Trial Court (Howard, J.) held an evidentiary hearing and granted the State's motion with respect to the exposure incident, concluding that the incident demonstrated "a calculated progression of sexual conduct toward" the victim.  However, upon reconsideration, it conditioned the admission of this evidence on the State's ability to show at trial that the incident occurred prior to the charged conduct.

At trial, the victim testified that the defendant sexually assaulted her on multiple occasions and that the assaults occurred "a few months" before the forensic interview, which took place in September 2016.  Outside the presence of the jury, the victim's mother testified that the exposure incident occurred between January and March of 2016.  Accordingly, the trial court found that the exposure incident occurred prior to the charged events and ruled the evidence admissible.  The victim's mother then testified, in the presence of the jury, that on one occasion while the victim was having an episode of aggression she left the victim at home alone with the defendant.  When she returned home, the defendant told her that "he didn't know what to do" and "the only way that he could calm [the victim] down was to show her his penis."

The defendant was convicted on one count of felonious sexual assault and two counts of aggravated felonious sexual assault.[1]  This appeal followed.

We review a trial court's admission of evidence pursuant to Rule 404(b) under our unsustainable exercise of discretion standard.  State v. Ericson, 159 N.H. 379, 387 (2009).  We will reverse the trial court's decision if it was clearly untenable or unreasonable to the prejudice of the defendant's case.  Id.

Rule of Evidence 404(b) governs the admissibility of evidence of crimes, wrongs, or acts, generally referred to as prior bad act evidence.  See N.H. R. Ev. 404(b).  It prohibits admission of evidence of such acts "to prove the character of a person in order to show that the person acted in conformity therewith," but permits admission of such evidence for purposes "such as proof of motive,

---

[1] One count of felonious sexual assault was dismissed at the close of the State's case and the jury found the defendant not guilty on one count of aggravated felonious sexual assault.

opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Id. Prior bad act evidence is admissible if it satisfies a three-prong test: (1) the evidence must be relevant for a purpose other than proving the defendant's character or disposition; (2) there must be clear proof that the defendant committed the act; and (3) the probative value of the evidence must not be substantially outweighed by its prejudice to the defendant. Ericson, 159 N.H. at 387-88.

The defendant first argues that the exposure incident cannot be properly considered part of a plan to desensitize the victim to sexual activity because the evidence did not clearly show that the incident took place prior to the charged events. However, given the victim's testimony that the charged conduct occurred "a few months" prior to September 2016, and the victim's mother's testimony that the exposure incident occurred between January and March 2016, we conclude that it was reasonable for the trial court to find that the exposure incident predated the charged conduct.

The defendant argues that the timing of the events also renders the exposure incident inadmissible, because "whatever supposed desensitizing influence the exposure incident might have would have worn off by the time of the alleged assaults." However, based upon the record we cannot conclude that the exposure incident took place so far before the charged conduct that it had negligible desensitizing influence on the victim.

The defendant also argues that "the isolated nature of the incident weakens its probative value as offered to prove preparation or grooming." However, when considered together with other circumstances occurring in the household, such as the victim's inquisitiveness of the male anatomy and the playful manner in which she and her sister would attempt to expose the defendant's penis, we conclude that the trial court did not commit an unsustainable exercise of discretion in admitting evidence of the exposure incident. The trial court reasonably concluded that the incident demonstrated the defendant's plan to desensitize the victim to the intentional exposure of his penis in a calculated progression of sexual conduct toward her. See State v. Castine, 141 N.H. 300, 303-04 (1996).

Finally, the defendant argues that evidence of the exposure incident unfairly prejudiced him. As the defendant recognizes, however, evidence of this incident "was no more inflammatory than the charged offenses themselves," and we cannot conclude that its prejudicial effect substantially outweighed the probative value of the defendant's desire to desensitize the victim to his sexual advances. See State v. Haley, 141 N.H. 541, 547 (1997). Accordingly, we

conclude that the trial court sustainably exercised its discretion in admitting evidence of the exposure incident.

Affirmed.

HICKS, BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

**Timothy A. Gudas,<br>Clerk**